IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff | ) ) ) | CIVIL ACTION NO: 4:23-cv-3084 |
| V. | ) ) ) | JURY DEMAND |
| VINCENT MARTIN, Jr., | ) ) ) | |
| Defendant. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff UNITED NATIONAL INSURANCE COMPANY ("United") and for its Complaint for Declaratory Judgment states as follows:

PARTIES

1. Plaintiff United is a corporation duly organized and incorporated under the laws of the State of Pennsylvania with its principal place of business in Montgomery County, Pennsylvania.

2. Defendant Vincent Martin, Jr. ("Martin") is an individual residing in either Harris County or Trinity County, Texas and may be served with process at 370 Cedar Creek Drive, Trinity, Texas 75862 or wherever he may be found.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that United and Martin are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Vincent sent a draft pleading to United in which he demanded $79,000.00.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that all or a part of the cause of action occurred in Harris County, Texas and Defendant was residing in Harris County, Texas at the time that the alleged theft occurred.

## FACTUAL BACKGROUND

5. On or about May 23, 2023, Martin applied for a Collector Insurance Policy to cover two Rolex watches allegedly owned by him. In the application, Martin represented that his primary location was 11200 Fuqua Street Suite 110 PMB 125 in Houston, Texas. Martin further represented that the primary location was a single-family home of masonry construction built in 2000. Martin further represented that the watches were stored in a safe.

6. United contacted Martin on or about May 22, 2023 regarding questions about his application. On or about May 23, 2023, Martin responded to the questions. He represented to United that the watches were stored in a 268 to 300 pound safe; that the Fuqua address was is mailing address; that he had a new physical address for property he recently purchased at 370 Cedar Creek Drive, Trinity, Texas and he would take possession on June 7, 2023. Prior to June 7, 2023, Martin never informed United that he intended to live at the Intown Suites Cypress Motel.

7. Based on the representations made in the application and the subsequent communications, United issued to Martin a Collectors Insurance Policy, policy number CIC0037588, with a policy period of June 7, 2023 to June 7, 2024 ("Policy"). The Policy requires that the insured cooperate with United in the investigation of a loss and/or claim including submitting to an examination under oath at the request of United. The Policy further prohibits Martin from bringing suit against United unless Martin complies with all the provisions.

8. Unbeknownst to United, and on information and belief, Martin moved into the Intown Suites Cypress Motel located at 14041 Northwest Freeway, Apartment 124 in Houston, Texas on June 6, 2023, the day before the Policy took effect. Martin took the Rolex watches with him and kept them in the open on a nightstand by his bed.

9. On information and belief, Martin last saw the watches on July 8, 2023 but did not notice they were missing until July 18, 2023.

10. On or about July 20, 2023, Martin made a claim under the Policy for the lost watches. United began its investigation immediately. Based on the information that Martin failed to provide, United made the decision to request that Martin submit to an examination under oath on August 10, 2023 and requested that Martin provide certain documentation to support his claim. On August 11, 2023, Martin responded to the request for an examination under oath. He informed United that he would not comply with the policy of insurance; would not provide any of the requested documentation, and; would not submit to an examination under oath.

11. On or about August 17, 2023, United provided Martin with a reservation of rights including informing him that United intended to void the policy based on the misrepresentations and omissions contained in his application and subsequent communications.

12. Martin's failure to cooperate with United during the investigation of his claim has prejudiced United.

13. A dispute between the parties has arisen regarding whether the Policy provides coverage for the alleged loss of the watches.

14. An actual controversy exists between the parties because United believes that the Policy is void because of Martin's misrepresentations and/or omissions. United further believes that Martin's failure to comply with the policy conditions and cooperate with United in the investigation has prejudiced United to the extent there is no coverage for the claim. On the other hand, Martin believes that the Policy provides coverage for the loss.

15. As a result of the coverage dispute herein, United has been required to engage the services of the undersigned to prosecute this lawsuit and has been forced to incur reasonable, necessary and customary attorney's fees and expenses.

## CAUSE OF ACTION

16. United incorporates by reference, as if fully set forth herein, paragraphs 1 through 15, inclusive.

17. The representations and omissions set forth in paragraphs 5, 6 and 8 were false, Martin knew they were false at the time they were made and he intended that United rely upon them and United relied upon them. The representations and omissions were material in that United would not have issued the Policy had the representations and omissions not be made.

18. United provided timely notice to Martin that it intended to void coverage under the Policy based on material misrepresentation.

19. Martin breached the Policy by failing to comply with United's request for an examination under oath and his failure to cooperate in United's investigation. Martin's breach of the Policy and failure to cooperate prejudiced United.

20. United is entitled to its customary, reasonable and necessary attorney fees and expenses pursuant to the Federal Declaratory Judgment Act.

WHEREFORE, PREMISES CONSIDERED, Plaintiff UNITED NATIONAL INSURANCE COMPANY respectfully prays that this Honorable Court declare that the Policy is void based on mispresentations and omissions, that Martin breached the Policy and failed to cooperate with United's investigation and such breach and failure prejudiced United; that the Policy is no longer in force or effect; that the Policy does not provide coverage for the alleged loss of the Rolex watches, award United its customary, reasonable and necessary attorney fees and expenses ; award United pre and post-judgment interest on the judgement and such other and further relief this Court may deem just and proper.

Respectfully submitted,

**COOPER & SCULLY, P.C**.

By: ___*/s/ Fred L. Shuchart*___
      FRED L. SHUCHART
      SBN 18316250
815 Walker St., Suite 1040
Houston, Texas 77002
(713) 236-6810
(713) 236-6880 *fax*
**fred@cooperscully.com**
**ATTORNEYS FOR PLAINTIFF**
**UNITED NATIONAL**
**INSURANCE COMPANY**